Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone:   907-264-3303
Email:       baylousm@lanepowell.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>MATANUSKA-SUSITNA BOROUGH SCHOOL DISTRICT and EVANSTON INSURANCE COMPANY,<br><br>               Defendants. | Case No. 3:24-cv-00087<br><br>**COMPLAINT** |

For its complaint against Defendants, Plaintiff alleges as follows

## I. PARTIES AND JURISDICTION

1. Plaintiff Everest National Insurance Company ("Everest") is an insurance company organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. Everest is authorized to do business in the State of Alaska.

2. Defendant Matanuska-Susitna Borough School District (the "District") is a public school district serving the Matanuska-Susitna Borough. The Court has personal jurisdiction over the District.

3. Evanston Insurance Company, a Markel company, ("Markel") is a company organized under the laws of Illinois with its principal place of business in Rosemont, Illinois. Markel is authorized to do business in the State of Alaska. The Court has personal jurisdiction over Markel.

4. Everest seeks (a) a declaration of obligations under an excess insurance policy issued to the District during the policy period July 1, 2010, to July 1, 2011, regarding claims asserted by T.R against the District; (b) reimbursement from Markel for amounts paid and to be paid by Everest in defense of T.R.'s claims against the District; and (c) reimbursement from Markel for amounts paid by Everest to settle claims asserted by P.B against the District.

5. Pursuant to 28 U.S.C. § 2201, the Court has subject matter jurisdiction over this action, because an actual justiciable controversy exists between the parties within the Court's jurisdiction, which involves a dispute over insurance coverage for claims asserted against the District.

6. Pursuant to 28 U.S.C. § 1332(a), the Court has subject matter jurisdiction over this action, because the amount in controversy exceeds $75,000 and the action is between citizens of different states.

7. Pursuant to 28 U.S.C. § 1391, venue is proper, because the events giving rise to the claims occurred in the Third Judicial District.

## II. FACTUAL BACKGROUND

**A. The Insurance Policies.**

8. Markel issued the following Governmental/School policies to the District:

(a) Policy No. MPEIEV0011-08-02 effective for the policy period July 1, 2010, to July 1, 2011, with a limit of $5,000,000 each occurrence/aggregate subject to a $250,000 retained limit ("2010 Primary Policy);

(b) Policy No. MPEIEV0011-08-03 effective for the policy period July 1, 2011, to July 1, 2012, with a limit of $5,000,000 each occurrence/aggregate subject to a $250,000 retained limit ("2011 Primary Policy);

(c) Policy No. MPEIEV0011-08-04 effective for the policy period July 1, 2012, to July 1, 2013, with a limit of $5,000,000 each occurrence/aggregate subject to a $250,000 retained limit ("2012 Primary Policy); and

(d) Policy No. MPEIEV0011-08-05 effective for the policy period July 1, 2013, to July 1, 2014, with a limit of $5,000,000 each occurrence/aggregate subject to a $250,000 retained limit ("2013 Primary Policy).

These policies are collectively referenced as the "Primary Policies."

9. The Primary Policies include an Abuse and Molestation Coverage Endorsement providing coverage for the District's "vicarious liability arising out of a sexual offense or abuse incident."

10. The Primary Policies define "sexual offense or abuse incident" as follows:

Sexual offense or abuse incident means any actual, alleged, attempted or proposed sexual or physical abuse or molestation of any person. A series of related sexual offenses or abuse incidents shall be treated as a single sexual offense or abuse incident.

11. Each of the Primary Policies covers a sexual offense or abuse incident only if the incident "did not occur after the end of the policy period."

12. Each of the Primary Policies requires Markel to defend any claim or suit seeking covered damages.

13. Everest issued to the District Commercial Excess Liability Policy No. 71P3000011-081 ("Excess Policy") effective for the policy period July 1, 2010, through July 1, 2011. The Excess Policy provides certain coverages for bodily injury or property damage with a limit of $10,000,000 each occurrence/aggregate. The Excess Policy sits excess of the 2010 Primary Policy and is only triggered upon exhaustion of the limits of the 2010 Primary Policy.

14. The Excess Policy's Insuring Agreement provides:

We will pay on behalf of the insured the amount of the "ultimate net loss" in excess of the "underlying limits of insurance" to which this insurance applies. The coverage provided by this policy will:

    a. Follow the terms, definitions, conditions and exclusions that are contained in the "first underlying insurance", unless otherwise directed by this policy, including any attached endorsements; and

b. Not be broader than that provided by the "first underlying insurance".

15. The Excess Policy only applies after exhaustion of the "underlying limit of insurance" by claims arising out of "occurrences" taking place during the policy period:

> If a limit of insurance of the "underlying insurance" applies on an aggregate basis, and;
>
> 1. When such limit has been exhausted by payment of "suits", claims or "defense expenses" arising solely out of "occurrences" which took place during this policy period, this insurance applies excess of such exhausted limit; or
>
> 2. When such limit has been reduced or exhausted by payment of "suits", claims or "defense expenses" arising out of "occurrences" which took place before or after this policy period, this insurance applies as if such payments had not been made.

16. The Excess Policy defines "occurrence" as: "'Occurrence' as defined in the 'first underlying insurance' applies to this insurance, whether described as an 'occurrence', injury, accident, offense, act, incident, error, omission, event or wrongful act."

**B.     Claims against the District for Abuse Perpetrated by Lukis Nighswonger.**

17. The District employed Lukis Nighswonger as a teacher. Nighswonger allegedly abused certain students. Nighswonger's purported victims have asserted claims and/or filed lawsuits against the District arising from such abuse. This action pertains to claims asserted in lawsuits titled *T.R. v. Matanuska-Susitna Borough School District*, 3PA-23-01946CI, and *P.B. v. Matanuska-Susitna Borough School District*, 3PA-21-02433CI.

18. T.R. alleged Nighswonger abused him during the 2012-2013 school year.

19. P.B. alleged Nighswonger abused him during the 2013-2014 school year.

**C.     Markel's Refusal to Defend and Indemnify the District.**

20. Markel has provided defense and indemnity coverage to the District for certain claims related to Nighswonger's abuse occurring during the four Primary Policies. However, Markel refused to defend and indemnify the District against T.R.'s claims, despite having not yet exhausted the aggregate limit of the 2012 Primary Policy. Markel

also refused to fully fund the settlement of P.B.'s claims, despite having not yet exhausted the aggregate limit of the 2013 Primary Policy.

21. Markel has taken the position that all sums expended in the settlement of claims that arose during all four of its policy periods should be aggregated under the 2010 Primary Policy limit of $5,000,000. Markel contends that it has expended the aggregate limit of the 2010 Primary Policy and thus need not defend or indemnify the District against T.R.'s claims (which arose during the 2012 Primary Policy period) or fully fund the settlement of P.B.'s claims (which arose during the 2013 Primary Policy period).

22. The District has demanded that Markel and/or Everest defend against T.R.'s claims.

23. The Excess Policy does not provide coverage for T.R.'s claims because such claims arose after the policy period. Nevertheless, Everest has provided a defense to the District subject to a full reservation of rights.

24. The Excess Policy does not provide coverage for P.B.'s claims since such claims arose after the policy period. Nevertheless, Everest contributed $450,000 to the settlement of P.B.'s claims subject to a reservation of its right to recover such amounts from Markel.

### III. CAUSES OF ACTION

**First Cause of Action: Declaration Regarding Coverage**

25. An actual controversy exists between the District and Everest regarding Everest's obligations under the Excess Policy. Pursuant to 28 U.S.C. § 2201, Everest is entitled to a judicial determination regarding such obligations.

26. Everest seeks a judicial determination that (a) the Excess Policy does not provide coverage for T.R.'s claims that arose during the 2013-2014 school year, and (b) Everest has no duty to defend and no duty to indemnify the District against T.R.'s claims.

**Second Cause of Action: Equitable Subrogation/Contribution Re T.R.**

27. Everest has undertaken the defense of the District against T.R.'s claims while reserving all rights and will pay certain expenses related to that defense.

29. The insurance provided under the Primary Policies, not the Excess Policy, provides coverage for the defense of the T.R. claim and, as such, Markel is responsible for the defense that Everest is providing.

30. Markel is obligated to reimburse Everest for any expenses Everest has paid.

**Third Cause of Action: Equitable Subrogation/Contribution Re P.B.**

31 Markel refused to fully fund the settlement of P.B.'s claims despite the fact that P.B.'s alleged abuse took place during the policy period of the 2013 Primary Policy.

32. To protect the District, Everest contributed $450,000 to the settlement of P.B.'s claims, while reserving its right to recover such amounts from Markel.

33. The insurance provided under the Primary Policies, not the Excess Policy, provides coverage for P.B.'s claims.

34. Thus, Markel is obligated to reimburse Everest for the $450,000 Everest contributed to the settlement of P.B.'s claims against the District.

## IV. PRAYER FOR RELIEF

Everest prays for the following relief:

a. That the Court declare that Everest is not obligated under the Excess Policy to provide the District with defense or indemnity coverage for T.R.'s claims;

b. That the Court award Everest amounts paid and to be paid by Everest toward the defense of T.R.'s claims;

c. That the Court award Everest $450,000 plus prejudgment interest against Markel for the P.B. settlement;

d. That the Court award Everest its costs and attorney fees; and

e. That the Court award Everest such additional relief as it deems appropriate.

DATED this 15th day of April, 2024.

        LANE POWELL LLC
        Attorneys for Plaintiff

        By  s/ Michael B. Baylous
          Michael B. Baylous, ABA No. 0905022